**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| X1 DISCOVERY, INC., <br><br> Plaintiff <br><br> v. <br><br> DELL TECHNOLOGIES INC., DELL PRODUCTS L.P., and DELL (CHENGDU) COMPANY LIMITED, <br><br> Defendants. | Civil Action No. 6:23-cv-872 <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff X1 Discovery, Inc. ("X1"), brings this Complaint for patent infringement against Defendants Dell Technologies Inc, Dell Products L.P, and Dell (Chengdu) Company Limited (collectively, "Defendants" or "Dell").

**BACKGROUND**

1. This is a case to stop the theft of X1's patented technology by Dell, alleging a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 *et seq*, including 35 U.S.C. § 271, 281, 283, 284, and 285.

2. In the early 2000s, software engineers at X1 recognized that the need to find and access digitally stored information and applications quickly and efficiently was growing, and that conventional search software was inadequate. They worked tirelessly to develop technology that would shift the search paradigm and allow users to find and act upon information as fast as possible. With hard work and ingenuity, they developed novel and reactive search methods and systems that displayed search results as fast as a user could type, updating results in real time, and in fewer steps.

3. X1 was built upon these novel inventions—a small company named after the Bell X-1, the first airplane to exceed the speed of sound. Like its namesake, X1 sought to develop products and technology that could deliver search results faster than ever before. X1 invested significant time and resources developing its ground-breaking and award-winning flagship product, X1 Search™, which is based on the technology protected by X1's valid and enforceable U.S. Patent Nos. 8,498,977 ("the '977 Patent," attached as Exhibit 1) and 8,856,093 ("the '093 Patent," attached as Exhibit 2) (collectively, the "Asserted Patents"). The inventions of the Asserted Patents are central to X1's product offerings.

4. Defendants directly infringe, either literally or under the doctrine of equivalents, and indirectly infringe one or more claims of the Asserted Patents.

## THE PARTIES

5. Plaintiff X1 Discovery, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 251 South Lake Avenue, Suite 800, Pasadena, California 91101.

6. On information and belief, Defendant Dell Technologies Inc. is a publicly owned corporation organized under the laws of the State of Delaware, with its principal place of business at 1 Dell Way, Round Rock, Texas, 78682, USA. Dell Technologies, Inc. does substantial business on an ongoing basis in the United States, including in Texas and in this District. On information and belief, Dell Technologies, Inc. causes and controls the sale, offer for sale, and distribution of its products in the State of Texas and in this District.

7. On information and belief, Dell Products L.P. is organized under the laws of the State of Texas, with its principal place of business at 1 Dell Way, Round Rock, Texas, 78682, USA. On information and belief, Dell Products L.P. is a wholly-owned subsidiary of Dell Technologies Inc., and imports, sells, and offers for sale the Accused Products into the United

States for Dell Technologies, Inc., including in Texas and in this District.

8. On information and belief, Dell (Chengdu) Company Limited is organized under the laws of the People's Republic of China, with its principal place of business at No. 800, Tianqin Road High-tech Zone Chengdu, Sichuan, 610000 China. On information and belief, Dell (Chengdu) Company Limited is a wholly-owned subsidiary of Dell Technologies Inc.

9. Defendants make, use, sell, import, and/or offer for sale products that infringe at least one claim of both Asserted Patents, including at least its XPS and Latitude laptop computers (collectively, the "Accused Products") that come installed with Microsoft Windows 10 or 11, which runs infringing searching software, Microsoft Search. Defendants also indirectly infringe the Asserted Patents by contributing to or inducing others to infringe the Asserted Patents.

## JURISDICTION AND VENUE

10. This is a civil action, for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*, including 35 U.S.C. § 271, 281, 283, 284, and 285.

11. This Court has original subject matter jurisdiction over X1's claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. §§ 271 *et seq*.

12. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants have minimum contacts with Texas and this District such that this venue is a fair and reasonable one. Defendants conduct substantial business in this forum, including (i) engaging in the infringing conduct alleged herein and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services

provided to companies and individuals in Texas and in this District.

13. Venue is proper in this District as to Dell Technologies, Inc. pursuant to at least 28 U.S.C. §§ 1391(b) and (C) and 1400(b) because Dell Technologies, Inc. is subject to personal jurisdiction in this District, has a regular and established place of business in this District, and has committed acts of infringement in this District.  For example, Dell Technologies, Inc. has a regular and established place of business in this District, including at One Dell Way, Round Rock, Texas 78682.  Dell Technologies, Inc. is also registered to do business in the State of Texas.  In addition, Dell has not contested venue in the Western District of Texas in prior actions. *See, e.g.*, *Softex LLC v. Dell Technologies Inc., et al.*, No. 1:22-cv-01309, Dkt. No. 29 at ¶ 18 (W.D. Tex. Mar. 21, 2023).

14. Venue is proper in this District as to Dell Products L.P. pursuant to at least 28 U.S.C. §§ 1391(b) and (C) and 1400(b) because Dell Products L.P. is subject to personal jurisdiction in this District, has a regular and established place of business in this District, and has committed acts of infringement in this District.  For example, Dell Products L.P. has a regular and established places of business in this District, including at One Dell Way, Round Rock, Texas 78682.  Dell Products L.P. is also registered to do business in the State of Texas.

15. Venue is proper in this District as to Dell (Chengdu) Company Limited because it is a foreign corporation organized under the laws of China, with a principal place of business in China.  Since Dell (Chengdu) Company Limited is not a resident in the United States it may be sued in any judicial district pursuant to 29 U.S.C. § 1391(c)(3).  On information and belief, Dell (Chengdu) Company Limited is a wholly-owned subsidiary of Dell Technologies Inc.

## THE ASSERTED PATENTS

### The '977 Patent

16. X1 is the sole owner by assignment of all right, title and interest, including the

right to sue for damages, in and to the '977 Patent.

17. The '977 Patent is titled "Methods and Systems for Search Indexing" and names William Gross and Steven Lee Colwell as inventors. The '977 Patent issued on July 30, 2013, based on U.S. Application No. 11/932,865, filed on October 31, 2007. The '977 Patent expires on May 21, 2026. A copy of the '977 Patent is attached to the Complaint as Exhibit 1.

18. The '977 Patent is valid and enforceable under United States Patent Laws.

19. The '977 Patent generally relates to improvements in computer search technology and data processing, and more particularly to systems and methods for locating data.[1]

**The '093 Patent**

20. X1 is also the sole owner by assignment of all right, title and interest, including the right to sue for damages, in and to the '093 Patent.

21. The '093 Patent is titled "Methods and Systems for Search Indexing" and names William Gross and Steven Lee Colwell as inventors. The '093 Patent issued on October 7, 2014, based on U.S. Application No. 11/972,563, filed on January 10, 2008. The '093 Patent expires on December 28, 2025. A copy of the '093 Patent is attached to the Complaint as Exhibit 2.

22. The X1 '093 Patent is valid and enforceable under United States Patent Laws.

23. The '093 Patent generally relates to improvements in computer search technology and data processing, and more particularly to systems and methods for locating data.[2]

**FACTUAL BACKGROUND AND DEFENDANTS' INFRINGEMENT**

24. X1 is the sole owner by assignment of all right, title, and interest in both Asserted Patents, which generally relate to computing devices utilizing novel indexed search systems and

---

[1] This description is not intended to limit, define, or otherwise affect the construction and/or application of the '977 Patent.
[2] This description is not intended to limit, define, or otherwise affect the construction and/or application of the '093 Patent.

components thereof. *See* Exhibits 1-2.

25. Conventional search application programs are slow and cumbersome to use. If a search engine returns unsatisfactory results, then the user needs to edit the search terms, initiate another search, and review the new results. Search engines have limited search filtering, or omit specific types of search targets. Searches may also take an excessive amount of time to complete.

26. Software engineers at X1 recognized the limitations of conventional searching and developed novel methods and systems for search indexing—creating incremental or reactive searching of a variety of search targets, including files, emails, email attachments, Web pages, and specific databases that were significant technological improvements over the prior art. In recognition of these groundbreaking inventions, the United States Patent and Trademark Office subsequently granted the Asserted Patents protecting this novel technology.

27. In 2003, X1 Technologies, Inc. ("X1 Technologies") was founded. The company spent significant time and resources developing its flagship product: X1 Search™. X1 Search™ is an award-winning, next generation productivity application, which simplifies the way users search and act upon desktop files, items in cloud repositories such as OneDrive, emails, attachments, SharePoint and more. X1 Search's single, unified interface and fast-as-you-type search with hit highlighting and full-fidelity preview of results provides immediate visibility into the critical information users need.

28. In 2011, X1 Technologies was reorganized and became X1 Discovery, Inc. ("X1"). X1 currently has two product offerings: X1 Search™ and X1 Enterprise Collect™. X1 Search™ is an embedded feature of each of these products and X1's business is built around these product offerings.

29. Defendants make, use, sell, import, and/or offer for sale products that infringe at least one claim of each of the Asserted Patents, including at least its XPS and Latitude laptop computers (collectively, the "Accused Products") that come installed with Microsoft Windows 10 or 11, which runs infringing searching software, Microsoft Search. Defendants also indirectly infringe the Asserted Patents by contributing to or inducing others to infringe the Asserted Patents.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 8,498,977

30. X1 repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

31. X1 is the sole owner by assignment of the '977 Patent and holds all substantial rights in that patent, including the sole and exclusive right to sue and recover for any and all infringement.

32. Claim 1 of the '977 Patent recites:

> 1. A computerized method of selectively executing a command, the method comprising:
>
> providing a user interface comprising a first search field;
>
> receiving a first string in the first search field from a user-controlled input device;
>
> receiving a second string in the first search field from the user-controlled input device;
>
> by determining that the first string comprises a command, selectively initiating execution of a command process associated with the command; and
>
> by determining that the first string does not comprise a command, selectively initiating an incremental search of a plurality of documents that are primarily textual, including word processing documents and/or electronic mail, wherein the incremental search comprises updating search results as each successive character of

>the first string and second string is received respectively from the user-controlled input device, wherein updating the search results comprises:
>
>identifying a first group of the plurality of documents including the first string,
>
>identifying a second group of the plurality of documents including the second string, and
>
>identifying one or more of the plurality of documents that are included in both of the first and second groups, wherein the first string and the second string are non-adjacent in at least one of the identified documents.

33. On information and belief, Dell has directly (either literally or under the doctrine of equivalents) and indirectly infringed at least independent claim 19 of the '977 Patent by making, using, selling, offering for sale, and importing in the United States certain laptop computers, including without limitation the Dell XPS 13 Laptop (an "Accused Product"), which comes installed with Microsoft Windows 10 or 11, which runs infringing searching software, namely Microsoft Search.

34. Support for the allegations of direct and/or indirect infringement may be found in the claim chart that applies claim 19 of the '977 Patent to exemplary Dell Accused Products, attached hereto as Exhibit 3 (with cited Exhibits 4-7). These allegations of infringement are preliminary and are therefore subject to supplementation and change.

35. Dell has had knowledge and notice of the '977 Patent since at least the filing of this Complaint.

36. Dell has committed these acts of infringement without license or authorization from X1.

37. Dell is liable for indirect infringement, *i.e.*, both induced and contributory infringement, based on the direct infringement that is the result of activities performed by

customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '977 Patent. For example, end users of the Dell Accused Products and/or Services infringe, either directly or under the doctrine of equivalents, one or more claims of the '977 Patent (*e.g.,* claim 19 and one or more of its dependents).

38. Dell actively, knowingly, and intentionally induces, and continues to actively, knowingly, and intentionally induce, infringement of the '977 Patent under 35 U.S.C. § 271(b) by their customers and end users. For example, Dell actively induces its customers, the end-users of the Accused Products, to directly infringe the '977 Patent by instructing, directing, and encouraging these end-users to perform the methods of the Asserted Patents using the Accused Products, such that Dell is engaged in unlawful inducement of infringement. On information and belief, Dell instructs, directs, and encourages its customers to infringe by providing at least installation/technical manuals, troubleshooting guides, and/or product tutorials. *See* Exhibit 8.

39. Dell is also liable for contributory infringement under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '977 Patent by, among other things, providing customers with one or more computing devices utilizing indexed search systems and components thereof that contribute to the infringement of one or more claims of the '977 Patent, including the claims directed to methods of performing a search.

40. On information and belief, Dell is engaged in induced and contributory infringement with respect to its importation activities and with respect to its sale after importation.

41. Dell's acts of infringement have caused, and continue to cause, damage to X1, and X1 is entitled to recover damages sustained as a result of Dell's wrongful acts.

## COUNT TWO
## INFRINGEMENT OF U.S. PATENT NO. 8,856,093

42. X1 repeats and incorporates by reference each preceding paragraph as if fully set forth herein.

43. X1 is the sole owner by assignment of the '093 Patent and holds all substantial rights in that patent, including the sole and exclusive right to sue and recover for any and all infringement.

44. Claim 1 of the '093 Patent recites:

> 1. A computerized method comprising:
>
> providing, by a computing device having one or more processors, a user interface comprising a first field;
>
> in response to receiving each character of a first string from a user-controlled input device in the first field:
>
> determining, by the computing device, if the first string comprises a command by comparing the received characters of the first string to one or more predetermined command strings;
>
> in response to determining that the received characters of the first string comprise a command, determining an executable software application associated with the command and launching the determined software application without user interaction; and
>
> in response to determining that the first string does not comprise a command, initiating an incremental search configured to update a list of documents selected from a plurality of documents that each comprise the first string, wherein the list is updated as each character of the first string is received from the user-controlled input device.

45. On information and belief, Dell has directly (either literally or under the doctrine of equivalents) and indirectly infringed at least independent claim 17 of the '093 Patent by making, using, selling, offering for sale, and importing in the United States certain laptop computers, including without limitation the Dell XPS 13 Laptop (an "Accused Product"), which

comes installed with Microsoft Windows 10 or 11, which runs infringing searching software, namely Microsoft Search.

46. Support for the allegations of direct and/or indirect infringement may be found in the claim chart that applies claim 17 of the '093 Patent to exemplary Dell Accused Products, attached hereto as Exhibit 9. These allegations of infringement are preliminary and are therefore subject to supplementation and change.

47. Dell has had knowledge and notice of the '093 Patent since at least the filing of this Complaint.

48. Dell has committed these acts of infringement without license or authorization from X1.

49. Dell is liable for indirect infringement, *i.e.*, both induced and contributory infringement, based on the direct infringement that is the result of activities performed by customers, distributors, end-users, vendors including customer-support and/or manufacturers who use all elements or perform all steps of one or more claims of the '093 Patent. For example, end users of the Dell Accused Products and/or Services infringe, either directly or under the doctrine of equivalents, one or more claims of the '093 Patent (*e.g.*, claim 17 and one or more of its dependents).

50. Dell actively, knowingly, and intentionally induces, and continues to actively, knowingly, and intentionally induce, infringement of the '093 Patent under 35 U.S.C. § 271(b) by their customers and end users. For example, Dell actively induces its customers, the end-users of the Accused Products, to directly infringe the '093 Patent by instructing, directing, and encouraging these end-users to perform the methods of the Asserted Patents using the Accused Products, such that Dell is engaged in unlawful inducement of infringement. On information and

belief, Dell instructs, directs, and encourages its customers to infringe by providing at least installation/technical manuals, troubleshooting guides, and/or product tutorials. *See* Exhibit 8.

51. Dell is also liable for contributory infringement under 35 U.S.C. § 271(c) for contributing to and continuing to contribute to the infringement of the '093 Patent by, among other things, providing customers with one or more computing devices utilizing indexed search systems and components thereof that contribute to the infringement of one or more claims of the '093 Patent, including the claims directed to methods of performing a search.

52. On information and belief, Dell is engaged in induced and contributory infringement with respect to its importation activities and with respect to its sale after importation.

53. Dell's acts of infringement have caused, and continue to cause, damage to X1, and X1 is entitled to recover damages sustained as a result of Dell's wrongful acts.

## JURY DEMAND

54. X1 hereby demands trial by jury pursuant to Federal Rule of Civil Procedure 38.

## FEES AND COSTS

55. To the extent that Defendants' litigation conduct supports a finding that this is an "exceptional case," an award of attorneys' fees and costs to X1 is justified pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, X1 requests entry of judgment in its favor and against Defendants as follows:

   a. Entry of judgment holding Defendants liable for infringement of the Asserted Patents;

   b. An order enjoining each Defendant, its officers, agents, servants, employees,

attorneys and affiliated companies, its assigns and successors in interest, and those persons in active concert or participation with it, from continued acts of infringement of the Asserted Patents;

c. An order awarding X1 pursuant to 35 U.S.C. § 284 resulting from Defendants' past, current, and future infringement of the Asserted Patents, together with prejudgment and post-judgment interest;

d. A finding that Defendants' willfully infringed the patents-in-suit;

e. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of X1's reasonable attorneys' fees;

f. Any and all other legal or equitable relief as may be available under law and which the Court may deem proper.

Dated: December 20, 2023

Respectfully Submitted,

By: /s/ Cabrach Connor

Cabrach J. Connor
State Bar No. 24036390
cab@clands.com
John M. Shumaker
State Bar No. 24033069
john@clands.com
**CONNOR LEE & SHUMAKER PLLC**
609 Castle Ridge Road, Suite 450
Austin, Texas 78746
512.777.1254 Telephone
888.387.1134 Facsimile

Natasha E. Daughtrey (SBN 319975) (*pro hac forthcoming*)
**Goodwin Procter LLP**
601 South Figueroa Street
41st Floor
Los Angeles, CA 90017
Tel: (213) 426-2500
NDaughtrey@goodwinlaw.com

I. Neel Chatterjee (SBN 173985) (*pro hac forthcoming*)
**Goodwin Procter LLP**
601 Marshall Street
Redwood City, CA 94063
Tel: (650) 752-3100
NChatterjee@goodwinlaw.com

Patrick J. McCarthy (SBN 990490) (*pro hac forthcoming*)
Sravan K. Tumuluri (SBN 90013874) (*pro hac forthcoming*)
**Goodwin Procter LLP**
1900 N Street, N.W.
Washington, DC 20036
Tel: (202) 346-4266
PMcCarthy@goodwinlaw.com
STumuluri@goodwinlaw.com

Christie L. Larochelle (SBN 705561) (*pro hac forthcoming*)
Kristin M. Beale (SBN 703205) (*pro hac forthcoming*)
**Goodwin Procter LLP**
100 Northern Avenue
Boston, MA 02210
Tel: (617) 570-1000
CLarochelle@goodwinlaw.com
KBeale@goodwinlaw.com

Jeremy D. Knight (SBN 6047260) (*pro hac forthcoming*)
**Goodwin Procter LLP**
The New York Times Building
620 Eighth Avenue
New York, NY  10018
Tel: (212) 813-8800
JKnight@goodwinlaw.com

*Attorneys for Plaintiff X1 Discovery, Inc.*